IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JUANITA GAIL EDWARDS**                                              **PLAINTIFF**

v.                                               CAUSE NO. 1:20-cv-292-LG-LGI

**KILOLO KIJAKAZI,**
**COMMISSIONER OF SOCIAL**                              **DEFENDANT**
**SECURITY**

## ORDER ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

**BEFORE THE COURT** are the [19] Report and Recommendations entered by United States Magistrate Judge LaKeysha Greer Isaac on January 6, 2023. Plaintiff, Juanita Gail Edwards, has filed an [20] Objection to the Report and Recommendations. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the [19] Report and Recommendations should be adopted, and the decision of the Commissioner should be affirmed.

### BACKGROUND

Pursuant to 42 U.S.C. § 405(g), Plaintiff Juanita Gail Edwards seeks judicial review of the Commissioner's decision to deny her claim for disability insurance benefits and supplemental security income. She alleges a disability onset date of December 1, 2017, involving hip, knee, and back pain, diabetes, schizophrenia, bipolar disorder, post-traumatic stress disorder, a 2014 heart attack, high cholesterol, and high blood pressure. Plaintiff also testified at her hearing that she suffers from back, knee and hip problems, constant migraines that prevent her from

working, and shortness of breath following her 2014 heart attack, which impairs her ability to walk long distance and to exercise. She was 41 years old at her alleged onset date.

Plaintiff's claim was denied by the Social Security Administration, and later an Administrative Law Judge ("ALJ") issued an unfavorable decision on November 14, 2019. (*See generally* Admin. R., at 21-38, ECF No. 10). The Appeals Council considered new evidence on appeal but found that Plaintiff had not shown a basis to change the ALJ's decision. (*Id.* at 5-7).

The Complaint in this action was filed September 10, 2020. Plaintiff raises the following issues in her appeal:

1. The Appeals Council erred in failing to remand this case to the ALJ for consideration of Dr. Fox's opinion.

2. The ALJ failed to account for Plaintiff's headaches in his RFC and he failed to provide any explanation, rendering his RFC determination unsupported by substantial evidence.

3. The ALJ failed to weigh the opinion of consultative examiner Dr. [Khimenko] in accordance with the proper legal standards, rendering [his] RFC unsupported by substantial evidence.

(Pl.'s Mem., at 1, ECF No. 13). On January 6, 2023, the Magistrate Judge issued a [19] Report and Recommendations which recommends that the decision of the Commissioner be affirmed. Plaintiff filed [20] Objections to the Report and Recommendations, and the issues are now ripe for disposition.

**DISCUSSION**

## I. Standard of Review

The standard of review for social security disability cases is limited to a determination of "(1) whether the Commissioner applied the proper legal standard, and (2) whether the Commissioner's decision is supported by substantial evidence." *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

A court reviewing the Commissioner's decision is not permitted to "re-weigh the evidence but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). The court is not permitted to substitute its judgment for that of the Commissioner. *Villa*, 895 F.2d at 1022.

## II. The ALJ's Decision

In determining if a claimant is disabled, the Commissioner uses a sequential, five-step approach, which considers whether:

> (1) the claimant is currently engaged in substantial gainful activity, (2) he has a severe impairment, (3) the impairment meets the severity of an impairment enumerated in the relevant regulations, (4) it prevents the claimant from performing past relevant work, and (5) it prevents him from doing any relevant work.

*Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021) (quoting *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018)). "If the claimant gets past the first four stages, then the burden shifts to the Commissioner on the fifth step to prove the claimant's employability." *Id.*

At step 1, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Admin. R., at 26, ECF No. 10). At step 2, the ALJ found that Plaintiff has the following severe impairments that limit her ability to perform basic work activities: "heart disease, bilateral knee and right hip degenerative joint disease, labrum tear on the left shoulder, diabetes mellitus with neuropathy, headaches, hypertension, chronic bronchitis, major depressive disorder, and post[-tr]aumatic stress disorder." (*Id.* at 26-27).

At step 3, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 27). The ALJ found that Plaintiff had the "residual functional capacity to perform light work," except that she should never "climb ladders," expose herself "to unprotected heights," or "work around dangerous machinery." (*Id.* at 29-30). The ALJ found that she can "perform frequent handling," "occasional bending, stooping, kneeling, crouching, and crawling," and that "[s]he can understand and remember simple routine tasks and sustain those tasks for two hours at a time throughout an eight-hour workday." (*Id.* at 30). "She can tolerate occasional interaction with the public, coworkers and supervisors." (*Id.*).

At step 4, the ALJ further found that Plaintiff "is unable to perform any past relevant work." (*Id.* at 36). The ALJ concluded that "there are jobs that exist in significant numbers in the national economy that the claimant can perform," including booth cashier, cafeteria attendant, and furniture rental clerk. (*Id.* at 37-38). Therefore, the ALJ determined that Plaintiff is not disabled. (*Id.* at 38).

### III. Plaintiff's Appeal

The Magistrate Judge takes Plaintiff's three issues in reverse order: "[t]he ALJ failed to properly weigh her treating cardiologist's opinion; the ALJ failed to consider her migraine headaches; and, the Appeals Council failed to remand her claim to the ALJ following the submission of new evidence." (R. & R., at 4, ECF No. 19). The Court will consider each issue in turn.

#### 1. ALJ's Treatment of Dr. Khimenko's Opinion

Plaintiff argues that the ALJ erred in rendering his residual functional capacity (RFC) determination by "fail[ing] to weigh the opinion of" Plaintiff's cardiologist, Dr. Pavel L. Khimenko. (Pl.'s Mem., at 17, ECF No. 13). The Magistrate Judge notes that "[a]n ALJ's residual functional capacity determination is an assessment, based on all of the relevant evidence, of a claimant's ability to do work on a sustained basis in an ordinary work setting despite his or her impairments." (R. & R., at 5, ECF No. 19) (citing 20 C.F.R. § 404.1545(a); *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001)). An individual's "residual functional capacity is the most [she] can still do despite [her] limitations." 20 C.F.R. §

404.1545(a)(1). "It is not a medical opinion, but an administrative finding of fact." (R. & R., at 5, ECF No. 19) (citation omitted).

The Magistrate Judge summarizes the relevant law as follows:

> The sole responsibility for assessing a claimant's residual functional capacity rests with the ALJ, who is not required to incorporate limitations in the residual functional capacity determination that he did not find to be supported by the record. *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). In making this assessment, the opinions of treating physicians have historically been assigned controlling weight, though ALJs have always been free to reject any opinion, in whole or in part, when the evidence supports a contrary conclusion. *Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017); *Garcia v. Colvin*, 622 F. App'x 405, 410 (5th Cir. 2015); 40 C.F.R. § 404.1527.2. Social security regulations were revised in recent years so that no specific evidentiary weight, including controlling weight, is to be given to medical opinions from treating sources. 20 C.F.R. § 404.1520(c) (2019). Under the new regulations, supportability and consistency of medical opinions are the most important factors, and ALJs may, but are no longer required to, explain how they considered other factors. *Id*. An ALJ remains free to assign little or no weight to the opinion of any physician when the physician's statements are brief and conclusory, are not supported by medically acceptable clinical laboratory diagnostic techniques or are otherwise unsupported by the evidence. *Bayer v. Colvin*, 557 F. App'x 280, 287–288 (5th Cir. 2014) (citations omitted).

Here, the ALJ found unpersuasive a "November 2018 opinion rendered by [Plaintiff's] cardiologist, Dr. Khimenko." (Admin. R., at 35, ECF No. 10). The ALJ reviewed Dr. Khimenko's opinion, which described Plaintiff's experience of "fatigue, palpitation, dyspnea, or angina discomfort" while engaging in physical activity and stated that "stress increase[s] her heart rate and occasionally causes chest pain." (*Id*.). Dr. Khimenko further opined that Plaintiff could not stand or walk for more than two hours per workday and that she "needed a job that permits shifting positions at will from sitting, standing, or walking" as well as "unscheduled breaks to rest for ten minutes every one to two hours." (*Id*.). He also determined that

Plaintiff needs to "elevate her legs waist high with prolonged sitting" and can "occasionally lift and carry ten pounds or less." (*Id.*). Additionally, he opined that she should avoid exposure to certain environmental conditions, including extreme cold, extreme heat, and irritants. (*Id.* at 35-36). The ALJ was unconvinced; he found that "Dr. Khimenko's assessed loss of functioning . . . is neither consistent with nor supported by the record," noting that Plaintiff's "complaints were rather minimal" and that Dr. Khimenko himself commented "that she was asymptomatic." (*Id.* at 36). The ALJ then compared it to other medical opinions and their persuasiveness in relation to the body of evidence in the record. (*Id.*).

Plaintiff first objects that the ALJ insufficiently explained his rejection of Dr. Khimenko's opinion. However, the Court agrees with the Magistrate Judge that the ALJ considered and rejected Dr. Khimenko's opinion after explaining the consistency and supportability factors, as was required. *See Moore v. Saul*, No. 3:20CV48-DPJ-MTP, 2021 WL 754833, at *2 (S.D. Miss. Feb. 26, 2021) ("Before an ALJ may discount or reject an opinion, he or she must 'articulate in [the] determination or decision how persuasive [the ALJ] find[s] all of the opinions. . . . And that decision turns on five considerations, the first two of which—supportability and consistency—reflect 'the most important factors.'") (emphasis omitted) (citing 20 C.F.R. § 404.1520c(b) & (b)(2)). The ALJ specifically cited those substantive portions of Dr. Khimenko's opinion which he found inconsistent and unsupported by the record—namely, her reportedly minimal complaints and asymptomatic condition. (*See* Admin. R., at 36, ECF No. 10). As Plaintiff observes,

-7-

"[t]he length of explanation need not be profound"; rather, "the ALJ must do more than pay lip serve to the regulation without *substantively* engaging with the supportability and consistency of medical opinions in any detail whatsoever." *Pearson v. Soc. Security*, No. 1:20CV166-HSO-RPM, 2021 WL 3708047, at *5 (S.D. Miss. Aug. 11, 2021) (emphasis in original). While terse, the ALJ's explanation for rejecting this opinion does in fact articulate his reasoning under the required factors.

Further, the Magistrate Judge points out that the ALJ explicitly compared Dr. Khimenko's opinion with other medical evidence, including agency physician assessments, which the ALJ found more consistent and supported by the record. (*See* R. & R., at 7, ECF No. 19); *see also Harper v. Kijakazi*, No. 3:20CV575-KHJ-RHWR, 2022 WL 265871, at *3 (S.D. Miss. Jan. 28, 2022) ("The ALJ also compared Dr. McNair's opinions with the opinions of Drs. Williams, James, and Herbert, concluding that Dr. McNair's opinions conflicted with that of the other three physicians. . . . After review of the record, the ALJ's finding that Dr. McNair's opinion was unpersuasive is supported by substantial evidence."). Plaintiff confusingly argues that the Magistrate Judge's reasoning "invites the Court to accept a *post-hoc* rationalization." (Obj., at 3, ECF No. 20) (citation omitted). In the Court's reading, however, the ALJ explicitly made this comparison and thereby justified his rejection of Dr. Khimenko's opinion. (Admin. R., at 36, ECF No. 10). It is therefore not a *post hoc* rationalization imposed by the Magistrate Judge. Hence, the Court finds that the ALJ's analysis is supported by substantial evidence. *See*

*Gonzales v. Kijakazi*, No. 4:20CV270, 2021 WL 3777181, at *3 (S.D. Tex. Aug. 3, 2021) (upholding an ALJ's rejection of a physician's opinion which was "quite brief" and "cursory" where it was followed by "a more detailed discussion of the medical evidence," including "medical evidence that is not consistent with and does not support" plaintiff's opinion).

Plaintiff's next objection is that the ALJ "failed to reconcile his rejection of the opinion with the findings of the record . . . supporting Dr. Khimenko's opinion, including complaints of palpitations, shortness of breath, and chest pain." (Obj., at 4, ECF No. 20). The Magistrate Judge rightly points out that Plaintiff's objection merely "highlight[s] evidence contrary to the ALJ's ruling" rather than "show[ing] that there is no substantial evidence supporting the ALJ's decision." (R. & R., at 7, ECF No. 19) (citation omitted). She cites evidence that the ALJ considered in the opinion, including records from May and June 2018 in which "Plaintiff denied any chest pain, tightness, pressure or shortness of breath." (*Id.*) (citing Admin. R., at 32-34, ECF No. 10). "[C]onflicts in the evidence, including medical opinions, are to be resolved by the Secretary, not by the courts." *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (citing *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981)).

Finally, Plaintiff objects that there is no "'logical bridge' between the medical evidence and the ALJ's determination of a claimant's functional capacity to work." (Obj., at 5, ECF No. 20) (quoting *Loaiza v. Kijakazi*, No. SA-20-CV-1110-ESC, 2022 WL 980154, at *5 (W.D. Tex. Mar. 31, 2022)). Plaintiff does not explain how the

ALJ's discussion of the evidence was illogical; rather, she primarily takes issue with the brevity of his analysis. This is not in itself a sound legal basis to disturb the determination of the ALJ.[1] *See Gonzales*, 2021 WL 3777181, at *3 (upholding an ALJ's rejection of a physician's opinion which was "quite brief" and "cursory" where it is followed by "a more detailed discussion of the medical evidence"). Further, the remainder of the opinion shows that the ALJ considered the whole of the evidence. *See Lee v. Comm'r of Soc. Sec.*, No. 4:21CV1390, 2022 WL 4490176, at *5 (S.D. Tex. Sep. 27, 2022) ("Although in this specific section the ALJ did not elaborate in detail how . . . Dr. Colgin's opinion conflicts with each piece of cited evidence, the full decision shows she thoroughly considered the medical records and testimony, and her determination reflects those findings.").

### 2.  ALJ's Inclusion of Limitations Relating to Plaintiff's Headaches

Second, Plaintiff argues that "[t]he ALJ failed to account for Plaintiff's headaches in his RFC and he failed to provide any explanation, rendering his RFC determination unsupported by substantial evidence." (Pl.'s Mem., at 1, ECF No. 13). Plaintiff argued that the ALJ should have provided limitations involving her complaints that she is sensitive to noise and light. (*Id.* at 16). The Magistrate Judge correctly found that "no physician of record assigned such limitations, and

---

[1] Additionally, the Magistrate Judge reasons "that Plaintiff has not shown that her substantial rights were affected" even if the ALJ erred in its assessment of Dr. Khimenko's opinion. *See Kneeland*, 850 F.3d at 761. The Court does not touch on this issue because it finds that the ALJ's assessment properly discussed the consistency and supportability factors and was otherwise supported by substantial evidence.

there is no requirement to present limitations that are not borne out by the record." (R. & R., at 8, ECF No. 19); *see also Albin v. Comm'r of Soc. Sec.*, Civ. No. 12-649-BAJ-RLB, 2014 WL 1239286, at *6 (M.D. La. Mar. 25, 2014) (rejecting the plaintiff's claim that the ALJ should have provided limitations on his ability to perform sedentary work due to "his need to alternate positions during the day," because "[t]he medical evidence does not show that any treating physicians advised" him of this need; the plaintiff merely "refer[red] the Court to his own testimony that his impairment[s] limited his ability to walk, stand and sit for certain periods of time") (citing *Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995)).

Further, the ALJ expressly "considered the severity and duration of the claimant's headaches, treatment, and response to treatment of the claimant's headaches." (Admin. R., at 33, ECF No. 10). He stated: "Consistency and supportability between the reported symptoms and objective medical [evidence] were key in assessing the claimant's residual functional capacity determined herein." (*Id.*). Plaintiff complains that this contains a "generic reference" to Social Security Ruling 19-4p with little application. (Obj., at 8, ECF No. 20). Again, although the ALJ's explanation is quite succinct, the Magistrate Judge points out that Plaintiff's complaints were "neither[ ] consistent with her testimony nor supported by her treatment records." (R. & R., at 9, ECF No. 19). Thus, the ALJ's finding is supported by substantial evidence.

### 3. Appeals Council's Failure to Remand

Third, Plaintiff argues that "[t]he Appeals Council erred in failing to remand this case to the ALJ for consideration of Dr. Fox's opinion." (Pl.'s Mem., at 1, ECF No. 13). "If new evidence is presented to the Appeals Council, a court will review the record as a whole, including the additional evidence, to determine whether the Commissioner's findings are supported by substantial evidence." *Wilson v. Colvin*, No. 1:16CV214-MTP, 2017 WL 3037801, at *6 (S.D. Miss. July 18, 2017) (citing *Higginbotham v. Barnhart*, 405 F.3d 332, 338 (5th Cir. 2005) (holding that the court must "consider[ ] and address[ ] the new evidence that [Plaintiff] submitted to the Appeals Council")).

"When a claimant submits new evidence to the Appeals Council, the Council must consider the evidence if it is 'new and material' and if it 'relates to the period on or before the ALJ's decision.'" *Hardman v. Colvin*, 820 F.3d 142, 150 (5th Cir. 2016) (quoting *Sun v. Colvin*, 793 F.3d 502, 511 (5th Cir. 2015)); *see also* 20 C.F.R. § 404.970(b). "If the evidence is considered, then the Appeals Council will review the ALJ's decision only if the ALJ's 'action, findings, or conclusion is contrary to the weight of the evidence' in the record as a whole." *Hardman*, 820 F.3d at 150 (citation omitted). "The regulations 'do not require the Appeals Council to provide a discussion of the newly submitted evidence or give reasons for denying review." *Id.* (citation omitted). But if "there is a reasonable probability that the new evidence would change the outcome of the decision, a remand is appropriate so that this new evidence can be considered." *Wilson*, 2017 WL 3037801, at *6 (citing *Ripley*, 67 F.3d

at 555). Moreover, "even when new and material evidence submitted to an Appeals Council is 'significant' and 'casts doubt on the soundness of the ALJ's findings,' the Appeals Council does not err in refusing to review the claimant's case if it can be determined that substantial evidence nevertheless supports the ALJ's denial of benefits." *Hardman*, 820 F.3d at 151 (quoting *Sun*, 793 F.3d at 511-12).

Here, Plaintiff submitted to the Appeals Council evidence consisting of a medical source statement from psychiatrist Dr. Gregory Fox, D.O. dated January 30, 2020. (Admin. R., at 10-15, ECF No. 10). The Magistrate Judge found that Dr. Fox's opinion was new, material, and "relate[d] to his treatment of Plaintiff during the relevant time period" (R. & R., at 9-11, ECF No. 19), findings which Plaintiff expectedly does not dispute. Indeed, the Appeals Council considered the evidence and found that it did "not show a reasonable probability that it would change the outcome of the decision." (*Id.* at 6). The dispositive question therefore became "whether the opinion would have changed the ALJ's decision." (*Id.* at 11) (citing *Schuler v. Saul*, 805 F. App'x 304, 306 (5th Cir. 2020)).

Dr. Fox renders opinions regarding Plaintiff's mental abilities and ability to perform unskilled work, generally rating her abilities "poor" in categories such as "remember[ing] work-like procedures" and "carry[ing] out very short and simple instructions." (Admin. R., at 13, ECF No. 10). He rates her abilities "fair" in "ask[ing] simple questions or request[ing] assistance" and "get[ting] along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes." (*Id.*). He also assesses Plaintiff as having "marked" limitations in

"[r]estriction of activities of daily living," "[d]ifficulties in maintaining social functioning," and "[d]eficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner." (*Id.* at 14). His handwritten notes emphasize Plaintiff's depression, fatigue, inability to think and concentrate, self-isolation, anxiety, headaches, difficulty socializing, and other such symptoms. (*Id.* at 11-14).

Here, the Magistrate Judge did not find a reasonable probability that the new evidence would have changed the outcome. She cites the ALJ's statements "that Plaintiff was only moderately limited in these areas with a residual functional capacity to 'understand and remember simple routine tasks and to sustain those tasks for two hours at a time throughout an eight-hour workday . . . [with] occasional interaction with the public, coworkers, and supervisors.'" (R. & R., at 11, ECF No. 19) (quoting Admin. R., at 30, ECF No. 10). Dr. Fox's other findings "that Plaintiff has 'poor to no ability' in other mental areas necessary to do even unskilled work . . . is inconsistent with the findings in the report as noted above, and the record as a whole." (*Id.* at 11-12).

Hence, the Magistrate Judge reasons that Dr. Fox's opinion would not have changed the outcome of the case, because it does "not so contradict earlier evidence that a weighing of old and new evidence is required, nor does it undermine the existence of substantial evidence supporting the ALJ's determination that Plaintiff was capable of a reduced range of light work if limited to simple and occasional interaction with others." (*Id.* at 12) (citing *Jones v. Astrue*, 228 F. App'x 403, 407

(5th Cir. 2007)).  The Court agrees with the Magistrate Judge's opinion.  *See, e.g., Wilson*, 2017 WL 3037801, at *7 ("There is not a reasonable probability that Plaintiff's new evidence would have changed the outcome of his disability determination. . . . The additional evidence merely supported the already established determinations.") (citation omitted); *Brown v. Saul*, No. 3:19CV835-CWR-LRA, 2020 WL 8099510, at *4-5 (S.D. Miss. Dec. 29, 2020).

The Court, therefore, finds no reversible error in the ALJ's decision nor in the Report and Recommendation of the Magistrate Judge.  The Commissioner's decision is affirmed, and this action is dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [19] Report and Recommendations of the Magistrate Judge are **ADOPTED** as the opinion of this Court.  The decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's appeal is **DENIED** and **DISMISSED WITH PREJUDICE.**

**SO ORDERED AND ADJUDGED** this the 27th day of February, 2023.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE